```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

JOSEPH HACHEY,                   *
                                 *
        Plaintiff,               *
                                 *
vs.                              *    CIVIL ACTION NO.: 16-00463-KD-B
                                 *
RONALD MOODY,                    *
                                 *
        Defendant.               *
```

## REPORT AND RECOMMENDATION

Plaintiff Joseph Hachey, an Alabama prison inmate, filed a complaint seeking relief under 42 U.S.C. § 1983. (Doc. 1). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72(a)(R) for appropriate action. On September 2, 2016, the court issued an order directing Plaintiff to file his complaint on the correct complaint form for 1983 prisoner actions. (Doc. 5). Plaintiff was also directed to pay the statutory filing fee or file a motion to proceed without prepayment of fees by October 3, 2016. (Id.). To date, Plaintiff has not complied with the Court's September 2, 2016 Order, nor has his copy of the Order been returned to the Court. Because Plaintiff has failed to comply with the Court's Order dated September 2, 2016 (Doc. 5), it is recommended that this action be dismissed without prejudice.

Plaintiff's handwritten complaint was originally filed in the Middle District of Alabama. (See Doc. 1). The Middle District of

Alabama determined that proper venue lies in the Southern District of Alabama; thus, the case was transferred to this Court on September 1, 2016. (Doc. 4).  The Court entered an Order on September 2, 2016, directing Plaintiff to re-file his complaint by October 3, 2016 on this Court's current form for prisoner actions under 42 U.S.C. § 1983. (Doc. 5). The Court also observed that at the time Plaintiff filed this action, he had neither paid the $350.00 statutory filing fee, nor filed a motion to proceed without prepayment of fees. (Id.). Accordingly, the Court ordered Plaintiff to pay the statutory filing fee or, in lieu thereof, file a proper motion to proceed without prepayment of fees by October 3, 2016. (Id.) Plaintiff was cautioned that if he elected not to comply with this Order within the prescribed time, his action would be dismissed for failure to prosecute and to obey the Court's Order. (Id. at 2).  The Court also directed the Clerk to forward to Plaintiff a copy of the requisite forms. (Id.)  To date, Plaintiff has not filed an amended complaint on the Court's form for 1983 prisoner complaints or sought an extension request. He has also failed to pay the statutory filing fee, or in lieu thereof, file a motion to proceed without prepayment of fees. And, as noted *supra*, Plaintiff's copy of the Order has not been returned.  Thus, at this juncture, it appears that he has lost interest in this case.

Due to Plaintiff's failure to comply with the Court's Order of September 2, 2016 (Doc. 5), and upon consideration of the alternatives

available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Ballard v. Carlson, 882 F. 2d 93 (4th Cir. 1989), cert. denied, Ballard v. Volunteers of America, 493 U.S. 1084, 110 S. Ct. 1145, 107 L. Ed. 2d 1049 (1990); Mingo v. Sugar Cane Growers Co-op, 864 F. 2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F. 2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F. 2d 1457, 1458 (11th Cir. 1983); accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction; Malautea v. Suzuki Motor Co., 987 F. 2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993).

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this

recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P.** 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

   **DONE** this **21st** day of **November, 2016.**

   /S/SONJA F. BIVINS
   **UNITED STATES MAGISTRATE JUDGE**

4